IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Smith,                          ) <br>     Plaintiff,                 ) <br>                                 ) <br> vs.                                  ) <br>                                 ) <br> Westvaco Corporation Voluntary  ) <br> Employees Beneficiary Association ) <br> Long Term Disability Plan,         ) <br>     Defendant.               ) <br> _____ ) | C.A. No. 2:03-2370-23 <br> **<u>ORDER</u>** |

In this matter, Plaintiff Robert Smith ("Smith") retained a law firm to represent him as he sought to appeal a denial of his disability benefits. For seven months, no action was taken to pursue his claim. By the time the firm filed his appeal, Smith's opportunity to appeal the denial of his disability benefits claim to the Plan Administrator had expired. Because it was untimely filed, the Plan Administrator declined to consider his appeal. Defendant argues that under the terms of Smith's ERISA-governed employee long-term disability plan ("the Plan"), the Plaintiff's failure to timely file is a bar to administrative review and, because he did not exhaust administrative remedies, is also a bar to further review by the federal courts. Plaintiff argues that the terms of the Plan are such that the appeal to the Plan Administrator was permissive and thus an untimely appeal does not bar review by the Plan Administrator. Plaintiff moves this court to remand the matter to the Defendant's administrator for a review on the merits. In this case, the court considers only whether the language of the Plan is such that the appeals process was permissive rather than mandatory, thus excusing Plaintiff's failure to timely file.

**<u>BACKGROUND</u>**

Robert Smith worked for Mead Westvaco Corporation ("Westvaco") until certain health problems caused him to cease working on August 28, 2001. As an employee of Westvaco, Smith

had various employee benefits, including long term disability coverage through a plan funded by Westvaco and administered by Hartford Life Insurance.

According to the terms of his policy, Smith submitted a claim for long term disability benefits on January 2, 2002. Hartford sent a letter to Smith dated June 4, 2002, denying his claim. In the denial letter, Hartford advised Smith that he had to appeal this denial, if at all, by writing an appeal letter to the Plan Administrator of Westvaco within 180 days. Smith retained an attorney to represent him in connection with the appeal of his denied claim on October 10, 2002. Through an administrative oversight, Smith's file was temporarily misplaced. On May 1, 2003, almost eleven months after the denial letter was sent, Smith's counsel did appeal the denial by writing to Westvaco. On June 25, 2003, the Plan Administrator refused to consider the appeal as untimely filed. Smith then brought this action in federal court pursuant to ERISA 29 U.S.C.S. § 1132(a)(1)(B).

This court stayed this action pending resolution of an appeal in another case which has now been decided by the Fourth Circuit Court of Appeals, *Gayle v. United Parcel Service Incorporated Flexible Benefits Plan*, 401 F.3d 222 (4th Cir. 2005). Before the recent *Gayle* decision, Plaintiff had asked the court to adopt the doctrine of equitable tolling to forgive the Plaintiff for his attorney's negligence in not timely appealing the denial. The *Gayle* decision squarely addressed this issue and unequivocally rejected applying the doctrine of equitable tolling to relieve a plan participant of his attorney's negligence. Plaintiff acknowledges that, following this decision, he is not entitled to relief based upon a doctrine of equitable tolling. Accordingly, and with permission of the court, Plaintiff amended his motion to remand to argue that the language of the Plan in which Plaintiff participated is significantly different from the language of the Plan in *Gayle* so as to distinguish the ultimate outcome of the two cases. Plaintiff, alleging that the language of the Plan described the

appeal to the Plan Administrator as permissive rather than mandatory, now brings a motion seeking to remand the appeal to the Plan Administrator for consideration on the merits.

## DISCUSSION

Plaintiff urges the court to adopt the reasoning of two non-binding cases that held that permissive language in a Plan's explanation of the appeals process could excuse a claimant's failure to timely appeal a denial of benefits.

### *Doctors Hospital of Augusta, Inc. v. Horton Homes, Inc*.

A recent Eleventh Circuit case held that "a claim ought not to be barred by the doctrine of exhaustion if the reason the claimant failed to exhaust is that she reasonably believed, based upon what the language of the plan said, that she was not required to exhaust her administrative remedies before filing a lawsuit." *Doctors Hosp. of Augusta, Inc. v. Horton Homes, Inc*., C/A No.: 1:02-cv-3165-CAP (N.D. Ga) (hereinafter *Doctors Hospital*) (quoting *Watts v. Bellsouth Telecomms., Inc*., 316 F.3d 1203, 1206 (11th Cir. 2003)).  In *Doctors Hospital*, neither the Plan itself nor the letter denying benefits described the consequence of failing to appeal.  According to the terms of the Plan, "[w]ithin sixty (60) days following the receipt by the claimant of notice of claim denial, the claimant may appeal denial of the claim by filing a written application for review by the Plan Administrator." (*Doctors Hospital* at 12.)  The denial letter described the appeals process as follows:

> [S]hould you have information proving that claimant was an eligible dependant as defined by the Plan when your services were rendered, you may request reconsideration of our decision by submitting this information to us within sixty (60) days.  You also have the right to appeal our decision to the Plan Administrator within sixty (60) days, should you so desire.

(Attachment to Def. Letter of Sept. 13, 2005.)  Despite the Plan's lack of guidance, the claimant did appeal his denial, but he did so two weeks late.  On appeal, the Plan Administrator merely provided "a reiteration of the reasons provided in the initial denial." (*Doctors Hospital* at 13.)  Following this

unsuccessful appeal, claimant brought suit under ERISA in federal court. Defendant moved for summary judgment on several grounds, including failure to exhaust administrative remedies, citing the untimely filing of the appeal. Although the Eleventh Circuit district court expansively stated, "the permissive language regarding appeal of the initial denial excuses any failure to exhaust on the part of [the claimant]," the reason the court denied judgment as a matter of law with regard to exhaustion of administrative remedies was that, due to the cursory nature of the review, it found that a timely appeal would have been futile. *Id.*

### *Rose v. Metropolitan Life Insurance Co.*

A court of this circuit has also briefly addressed the issue of permissive language as an excuse for untimely filing. In an unpublished opinion[1] by Judge Herlong in the case of *Rose v. Metro. Life Ins. Co.*, C/A No.: 8:00-3793-20 (hereinafter *Rose*), the court found that the claimant undeniably failed to timely appeal an April 2000 denial letter. The claimant maintained that the permissive language of the denial letter[2] made it unclear that such an administrative appeal was a prerequisite to appealing the denial in federal court. The letter did not advise claimant as to the potential consequences of either failing to file an appeal or of filing an appeal late. The court reasoned that:

> [w]hen providing notice to a claimant of the denial of benefits, the plan administrator must include "[a]ppropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his claim for review." 29 C.F.R. § 2560.503-1(f)(4) (1999). . . . [In this case, MetLife's] April 25 letter uses permissive rather than mandatory language when describing the appeals process. It states "may request" rather than "must request" and "should" be sent to MetLife within sixty days rather than "must" be sent.

---

[1] Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

[2] The letter read, "In the event a claim has been denied, in whole or in part, you may request a review of the claim in writing. This request for review should be sent to MetLife, at the address noted in this letter, no more than 60 days after you received notice of denial of the claim." (*Rose* at 2.)

(*Rose* at 2.) The court in *Rose* held that because the notice to the claimant was insufficient to apprise the claimant of his rights, it violated the mandate of the Regulations. As such, the claimant's failure to timely appeal should not be considered a failure to exhaust. The court remanded the appeal for consideration by the administrative review committee. It is important to note that at the time of *Rose*, the Regulations did not require the denial notice to apprise the claimant of his right to suit in federal court;[3] however, the court still found that failure to do so violated the requirement that claimant be adequately informed of his rights.

## ANALYSIS

Relying on these cases, Plaintiff urges this court to find that the language of the Westvaco Plan was similarly unclear and permissive so as to excuse Plaintiff's failure to timely file his appeal. Even assuming this court did chose to adopt the reasoning behind these cases, there are two problems with Plaintiff's argument: (1) the Westvaco Plan language, complying with the requirements of the Regulations, is not permissive or misleading and (2) even if the language is misleading, Plaintiff does not allege that he was actually so misled.[4]

**(1) Westvaco Plan Language Is Not Misleading.**

The applicable Regulations governing ERISA-based employee benefit plans require that:

> [t]he summary plan description . . . be written in a manner calculated to be understood by the average plan participant and . . . be sufficiently comprehensive to apprise the plan's participants and beneficiaries of their rights and obligations under the plan. In fulfilling these requirements, the plan administrator shall exercise considered judgment and discretion by taking into account such factors as the level of comprehension and education of typical participants in the plan and the

---

[3] The Regulations were amended in 2000 and again in 2001. The 2001 version applies in this case.

[4] This court hastens to point out that because the facts of the instant case are distinguishable from those in *Rose* and *Doctors Hospital*, this court need not address whether it adopts their rationale.

> complexity of the terms of the plan. . . . The format of the summary plan description must not have the effect to misleading, misinforming or failing to inform participants and beneficiaries. Any description of exception, limitations, reductions, and other restrictions of plan benefits shall not be minimized, rendered obscure or otherwise made to appear unimportant.

29 CFR § 2520.102-2.

In the instant case, the Plaintiff correctly notes that the Plan summary itself does not make it clear that exhaustion of administrative remedies is a prerequisite to bringing suit under ERISA;[5] however, the Plan explicitly directs the claimant to review the initial letter denying benefits for "an explanation of the claims review procedure." (Pl. Amended Motion, Exhibit B.) Nothing in the Regulations requires that the entire appeals process be explicitly laid out in the Plan summary; referral to the denial letter is an appropriate means by which "to apprise the plan's participants and beneficiaries of their rights and obligations under the plan." 29 CFR § 2520.102-2.

The Regulations specify that the notification of benefit determination "shall set forth, in a manner calculated to be understood by the claimant . . . [a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review." 29 CFR § 2560.501-1(g)(1)(iv). In this case, the letter notifying Smith of the denial of his claim, which he received on or around June 25, 2002, clearly states:

> If you do not agree with this denial, in whole or in part, and you wish to appeal the decision, you or your authorized representative must write to Westvaco Corporation within one hundred eighty (180) days from your receipt of this letter. . . . After completion of this review, Westvaco Corporation will advise you of the

---

[5] In pertinent part, the Plan summary reads, "In the event your claim to receive pension benefits under the Plan is denied in whole or in part, you will receive a written notice of the denial. . . . The notice will contain the reasons your claim was denied. . . . There will also be an explanation of the claims review procedure." Further, the Plan explains, "If you believe that a fiduciary. . . has improperly denied you a Plan benefit. . . you have a right to file suit. The court will decide who should pay court costs and legal fees and could require either party to pay all legal cost."

>determination. After your appeal, and if your claim is again denied, you then have the right to bring a civil action under Section 502(a) of ERISA.

This passage satisfies all of the requirements of the Regulations. It describes the Plan procedures, lays out the applicable deadlines, and informs the claimant of his right to bring civil suit under ERISA. While the consequences of failing to timely appeal could be stated more emphatically,[6] the denial letter clearly apprises the claimant of his rights. As such, the language of the denial letter at issue is distinguishable from the language found objectionable in *Rose* and *Doctors Hospital*. In *Rose*, no reference was made at all to the claimant's right to civil action in federal court. Similarly, in *Doctors Hospital*, neither the Plan nor the denial letter makes clear that the appeal to the Administrator is a prerequisite to suit in federal court.

Plaintiff and Defendant both emphasize the Plan's use of the words "must" and "may." (Pl. Motion to Amend at 9-13; Def. Memo. in Opposition at 5-7.) Upon thorough review of the Plan and the denial letter, the court finds that the term "may" refers to the voluntary nature of the appeals process, and the term "must" refers to the mandatory time-frame within which the appeal to the Plan Administrator can be made. Such language is clear so as to be understood by the average Plan participant. It is not language likely to mislead potential claimants into believing that an appeal to the Plan Administrator within 180 days is not a necessary step in the appeals process. When read together, the Plan and the denial letter comply with the requirements of the Regulations and do not mislead claimants as to their obligations.

---

[6] The Plan in *Gayle* clearly states, "If you do not appeal. . . within 180 days . . . you will forfeit your right to appeal to the Plan Administrator. You will also lose your right to file an action in federal or state court because you will not have exhausted your administrative remedies." This language is preferable to that in the Westvaco plan, and, to prevent other suits such as this one, the court urges Defendant to consider adopting such language in its Plan; however, this court cannot say that such explicitness is required by the Regulations.

**(2) The Plaintiff Was Not Misled.**

As the Fourth Circuit made abundantly clear in *Gayle*, a claimant's failure to timely file on the administrative level constitutes a failure to exhaust administrative remedies and failure to exhaust remedies is usually a bar to review on the federal level. *Gayle*, 401 F.3d at 226. Internal appeal limitations periods in ERISA plans are to be followed just as ordinary statutes of limitation. *Id.* The court in *Gayle* concedes that failure to exhaust remedies may be excused where some misconduct on the part of the Defendant, which may or may not include using improper Plan language, induces "the complainant . . . into allowing the filing deadline to pass." *Id.* (quoting *Irwin v. Dep't. of Veterans Affairs*, 498 U.S. 89, 96 (1990)). As discussed above, because the contested language comports with both the intent and the literal requirements of the Regulations, this court cannot find that the language in the Westvaco Plan is so misleading as to constitute adversarial misconduct. As such, it cannot excuse a failure to timely file.

Even if the language of the Plan were misleading, Plaintiff's claim still would be unsuccessful because he was not actually misled. Plaintiff admits that the failure to appeal was an administrative oversight on the part of his attorney. (Pl. Amended Motion at 5.) He does not claim that he relied upon permissive Plan language in choosing not to appeal on time. In fact, by hiring an attorney when there were still over two months left within the stated time for appeal, Plaintiff did all that he should have done to have his appeal timely filed. His actions belie a knowledge of the need for appeal in a timely manner. While the court sympathizes with the innocent Plaintiff, *Gayle* makes clear that the negligence of counsel is not grounds for excusing violations of mandatory filing deadlines. The court also sympathizes with busy attorneys who, even when diligent, sometimes make mistakes.

Plaintiff asks this court to adopt the theory, not held by any jurisdiction, that misleading

language, even when it meets the requirements of the Regulations and even absent any alleged reliance upon such language, is a basis for excusing a failure to timely file. This the court may not do, even if it would like to.

Finally, Plaintiff submits that granting Plaintiff's request for relief would be consistent with the intent of ERISA. While Plaintiff correctly notes that ERISA should be interpreted in a manner that protects contractually defined benefits, this court cannot agree that overlooking a tardiness of five months would be within the intent of the Act. As *Gayle* reminds us, "the haphazard waiver of time limits would increase the probability of inconsistent results where one claimant is held to the limitation, and another is not. Similarly, permitting appeals well after the time for them has passed can only increase the cost and time of the settlement process." *Gayle,* 401 F.3d at 226 (quoting *Terry v. Bayer Corp.*, 145 F.3d 28, 40 (1st Cir. 1998)). Such an inequitable result cannot be said to further the purpose of ERISA.

## CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that Plaintiff's Motion to Remand is **DENIED.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**November 17, 2005**